IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| REBECCA C. MULLINS | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE NO. 4:20-cv-00192-CDL |
| HUMANA HEALTH PLAN, INC. | ) | |
| and NORTHSIDE HOSPITAL, INC. | ) | |
| FLEXIBLE BENEFITS PLAN | ) | |
| | ) | |
| Defendants | ) | |

## **STIPULATED PROTECTIVE ORDER**

Under Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff Rebecca C.

Mullins, Defendant Humana Health Plan, Inc., and Defendant Northside Hospital, Inc.

Flexible Benefits Plan hereby stipulate to the following protective order:

1.    Purpose.  Disclosure and discovery activities in the above-captioned action

(the "Action") are likely to involve the disclosure of confidential, proprietary, or private

information.  As such, the Parties agree that there is a need to protect such information, and

documents that may contain such information, from public disclosure and use for any

purpose other than prosecuting this litigation.  Accordingly, the parties stipulate to and

request that the Court enter the following Stipulated Protective Order, which applies to all

confidential information identified under the terms herein (including, without limitation,

documents, deposition testimony, physical objects, tangible things, discovery responses or

any other information of any type whatsoever) whether provided by voluntary disclosure or pursuant to an order of the Court (collectively, the "Material").

2.     Designation of Material as Confidential.  Any party to the Action or other person (including non-parties) who provides any Material in this Action may designate such Material as "Confidential" by labeling such Material as "Confidential" or by so identifying such Materials in a written communication to counsel for the other party, or, if by a non-party, then to counsel for both parties.  A party or person may designate Material as Confidential after its production by sending a letter to the other party to this Action, or, if by a non-party, then to counsel for both parties, so designating such Material at any time after its production, provided that such designation and any resulting limitations on use shall apply only to such material after actual receipt by the other party or parties of such a letter.

3.     Definition of Confidential Material.  A designation of Material as "Confidential" shall constitute a representation by the party or nonparty and its counsel that they believe in good faith that the material so designated contains or constitutes (a) trade secrets or other confidential research, development, or commercial information (including, but not limited to, pricing information, contracts with third-parties, private communications, unpublished financial data, financial or investment forecasts or strategies, business or product plans, compensation information, reimbursement rates, or contracts for reimbursements) or other information of a non-public nature considered by the producing party or person to be commercially sensitive or proprietary; (b) medical information pertaining to the Plaintiff or any individual; (c) personal identity information; and (d) other

2

sensitive personal individual or family information.  Correspondence or other documents that quote from, paraphrase, or otherwise reveal the substance of Confidential Material shall be treated as Confidential and shall be labeled as such.  Material shall not be considered "Confidential" to the extent it is part of the public record or becomes part of the public record through no breach of this Stipulated Protective Order.

4.    Manner of Designating Certain Testimony as Confidential.  Any deposition or other testimony (including any exhibits used therein) may be designated as Confidential by either party, or by a producing or testifying non-party, by either: (a) stating orally on the record of a deposition or during the testimony that certain information or testimony is Confidential; or (b) by sending written notice to counsel for the other party or parties of record within ten business days after receipt of the transcript of a deposition or other testimony, designating information as Confidential.  All such testimony shall be treated as if designated Confidential until the ten-day period expires or until notification of the designation or absence thereof is given.

5.    Restrictions on Disclosure of Material Designated as Confidential. Confidential Material shall not be used or disclosed by any person or entity for any purpose whatsoever other than the preparation for and trial of this Action, including appeals, if any.

Confidential Material and all information contained therein shall not be shown to, reviewed by, or discussed with any person, except:

(a)    A party to this Action, including employees of such party involved in instructing or assisting counsel in connection with this Action, except that such

disclosure shall be limited to such information as is reasonably required to be disclosed to instruct or assist counsel;

(b)     The Court, personnel of the Court, and court reporters and videographers at depositions or other proceedings in this Action;

(c)     Counsel to the parties to this Action and their employees;

(d)     The author or recipient of the document (not including a person who received the document in the course of litigation);

(e)     Potential or actual witnesses, interviewees, and deponents to whom disclosure is reasonably necessary for this Action;

(f)     Consultants or experts and their staff to the extent deemed reasonably necessary by counsel for the prosecution or defense of the Action;

(g)     Outside vendors providing e-discovery, copying, exhibit preparation, or translation services in connection with this Action;

(h)     Any other person only upon written consent of the designating party or person or their counsel of record or upon order of the Court;

(i)     Any mediator, settlement facilitator, or special master agreed to by the parties or assigned by the Court, and his or her staff, subject to their written agreement to maintain the confidentiality to the same degree as required by this Stipulated Protective Order; provided, however, that neither a magistrate judge who may serve as a mediator nor his or her staff need sign a written confidentiality agreement;

(j)    Any third party, governmental or regulatory agency requesting such information pursuant to any statute, regulation, order, subpoena or document discovery request, provided that, to the extent not prohibited by applicable law, rule or regulation, notice of such disclosure is furnished to the opposing party as soon as practicable in order to afford the opposing party an opportunity to seek a protective order (it being agreed that if the opposing party is unable to obtain or does not seek a protective order and the other party is legally compelled to disclose such information, disclosure of such information may be made without liability); or

(k)    With respect to the persons referenced in paragraphs 5(e), (f), (g), and (h) prior to the disclosure of any Confidential Material, the receiving party shall (i) provide that person with a copy of this Stipulation, and (ii) obtain from that person a written agreement to be bound by the terms of this Stipulation in the form attached as Exhibit A.

6.    Disputes.  If a party that receives any Material produced in accordance with this Order disagrees about its designation as Confidential, in full or in part, it shall notify the producing party in writing, and the recipient and the producing party will then confer in good faith within five business days of receiving such notice.  If the recipient and producing party are unable to agree upon the status of the subject Material, either party may raise the issue of such designation with the Court.  In connection with any such proceedings, the burden of showing that information sought to be protected as confidential still remains with the party claiming confidentiality.  Until agreement is reached by the parties or an Order of the Court is issued changing the designation, all Material about which

the dispute exists shall be treated as originally designated by the producing party.  Nothing in this Stipulation and Order shall limit the ability of the producing party to use its own Material produced in this Action.

7.    <u>Filing Confidential Material</u>.  If a party seeks to file any material that is subject to protection under this Order with the Court, that party shall provide ten (10) days advance written notice of the party's intent to do so.  Subject to the Court's statement concerning confidentiality and public filings, as set forth in the Rules 16 and 26 Order of October 28, 2020, any party may move for any order that the evidence be received in camera, under seal, or under other conditions to prevent unnecessary disclosure.

8.    <u>Receipt of Subpoena</u>.  Notwithstanding the foregoing, nothing in this Stipulation and Order shall prevent any party from complying with any disclosure required by law, regulation, or rule (including any rule of any industry or self-regulatory organization) whether pursuant to a subpoena or other similar process in connection with a litigation, arbitration, or other proceeding, or otherwise.  If any party in possession of Material designated as Confidential receives a subpoena or other such process or discovery device seeking production or other disclosure of such Material, if allowed under applicable law, that party shall give written notice to counsel for the party or person who designated the Material as Confidential together with a copy of the subpoena or other process and shall object to producing the Material until an appropriate confidentiality stipulation or order can be entered into with the requesting party.  The party who designated the Material as Confidential shall pay the reasonable costs of that objection, including reasonable

attorneys' fees.  Where possible, at least ten business days' notice should be given before production or other disclosure.

      9.     <u>Return or Retention of Confidential Material upon Termination of this Action</u>.

      (a) All Confidential Material or other papers containing such information remain the property of, and under the custody and control of, the producing party or person, subject to further Court order.  Within thirty (30) days after the conclusion of the litigation (including any appeal), the receiving parties shall either return to the producing parties or persons all copies of Material designated as Confidential (including all copies, abstracts, and summaries of the Material) or destroy such Material and certify to the producing party or person in writing that all such Material has been destroyed as required by this Order.

      (b) Notwithstanding the above requirements to destroy documents, outside counsel of record for the parties shall be entitled to retain all documents  filed with the Court, hearing transcripts, correspondence, deposition transcripts and deposition exhibits, expert reports, attorney notes and work product, and consultant and expert work product, even if such materials contain Confidential Material. Furthermore, the parties and their outside counsel of record may retain Confidential Material if required to comply with applicable laws, rules or regulations or internal compliance requirements, and any Confidential Material that the receiving party believes cannot reasonably be

destroyed (such as electronic mail back-up or archive records, back-up server tapes, disaster recovery tapes, and any records of similar such automated record-keeping or other retention systems). Confidential Material in electronic form that is impracticable to destroy may only be used for the resolution of a dispute between the parties concerning this Action and shall not be disclosed to any person who is not a party, or used for any other purpose.

10.    <u>Privileged Information</u>.  No party intends to produce any Material that is protected by the attorney-client privilege, the work product doctrine, or other lawful immunity from disclosure, except to the extent that Material is subject to an exception to those privileges, including the fiduciary exception to the attorney-client privilege.  In the event that such Material is produced, there shall be no waiver of the applicable privilege and the party producing it may request its return from the other parties, which will immediately cease to use such Material and will within five days return or destroy all copies of such Material and all documents paraphrasing, summarizing, referencing, or otherwise using such Material.  In such event, if any party that received such Material wishes to challenge its protected status, it may make a motion to the Court seeking to compel production of such Material, but such motion shall not rely upon the fact that the Material was previously produced to that party and shall be briefed and decided as though the Material had never been produced.

11. <u>No Waiver</u>.  Nothing in this Stipulation and Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial of any evidentiary material.

12. <u>Modification of Stipulation</u>.  The parties expressly reserve their right to apply to the Court for modification of this Stipulation and Order, and for any further or additional relief.  Prior to application to the Court, the parties shall confer in good faith to resolve any dispute concerning the terms or application of this Stipulation and Order.

13. <u>Enforcement</u>. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Confidential Material for enforcement of the provisions of this Order following termination of this litigation.

This 12th day of November, 2020.


_s/Nancy B. Pridgen_
Nancy B. Pridgen
Georgia Bar No. 587949

Attorney for Plaintiff

PRIDGEN BASSETT LAW LLC
One Glendale Parkway, Suite 650
Atlanta, Georgia 30328
(404) 551-5884
nancy@pridgenbassett.com

_s/Kenton J. Coppage_
Kenton J. Coppage
Georgia Bar No. 187190

Attorney for Defendant Humana Health Plan, Inc.

FOX ROTHSCHILD LLP
999 Peachtree Street, Suite 1500
Atlanta, Georgia 30309
(404) 962-1065
kcoppage@foxrothschild.com

*s/ Bard Brockman*
W. Bard Brockman
Georgia No. 084230

Attorney for Defendant Northside
Hospital, Inc. Flexible Benefits Plan

BRYAN CAVE LEIGHTON PAISNER
L,P
1201 W. Peachtree Street, NW
One Atlantic Center, 14th Floor
Atlanta, Georgia  30309
Telephone:  (404) 572-6600
Facsimile: (404) 420-0507
bard.brockman@bclplaw.com

Signed and entered, this 13th day of _November, 2020.

S/Clay D. Land
CLAY D. LAND, Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| REBECCA C. MULLINS | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE NO. 4:20-cv-00192-CDL |
| HUMANA HEALTH PLAN, INC. | ) | |
| and NORTHSIDE HOSPITAL, INC. | ) | |
| FLEXIBLE BENEFITS PLAN | ) | |
| | ) | |
| Defendants | ) | |

## STIPULATED PROTECTIVE ORDER

## EXHIBIT A:
## ACKNOWLEDGMENT OF UNDERSTANDING & AGREEMENT TO BE BOUND

I have read the Stipulated Protective Order in the above-captioned action and certify that I fully understand the procedural and substantive requirements of the Stipulated Protective Order, which is attached hereto.

Before reviewing or receiving access to any Material subject to the protection of that Stipulated Protective Order and as a condition for such review or access, I certify and agree that I am personally bound by and subject to all terms and provisions of that Stipulated Protective Order.  I further agree to be fully subject to the jurisdiction of the United States District Court in this Action for the purpose of enforcing this Agreement and the Stipulated Protective Order, and acknowledge that violation of the Stipulated Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Date: _____        _____
                                      Signature